**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**THEOPHINE FERNANDEZ**                                              **PETITIONER**

**VERSUS**                               **CIVIL ACTION NO. 5:25cv130-DCB-BWR**

**BRIAN ACUNA, et al.**                                             **RESPONDENTS**

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. Pro se Petitioner Theophine Fernandez is an alien detainee in the custody of the Department of Homeland Security. He initiated this habeas action on November 14, 2025. [ECF No. 1].

Petitioner's habeas petition was filed unsigned. Id. Magistrate Judge Rath ordered Petitioner to sign the petition under oath and file it with the Court by February 9, 2026. [ECF No. 2]. The Clerk of Court mailed this order to Petitioner's address of record. After Petitioner failed to comply, Judge Rath entered an order to show cause on February 23, 2026, directing Petitioner to file a written statement by March 9, 2026, showing cause why the case should not be dismissed for failure to obey the Court's order. [ECF No. 3]. The order warned that failure to respond could result in dismissal and was mailed to Petitioner's address of record.

Petitioner did not respond. On March 26, 2026, Judge Rath issued a second order to show cause, requiring Petitioner to file

a written response by April 9, 2026, showing cause why the case should not be dismissed for failure to prosecute and obey Court orders [ECF No. 4]. Again, the order was sent to Petitioner's address of record and was not returned as undeliverable.

To date, Petitioner has not responded or otherwise contacted the Court. The Court has repeatedly warned Petitioner that failure to comply may lead to dismissal of this case. It is apparent from Petitioner's repeated failure to comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the petitioner's failure to obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. Id. at 629-30. Respondent has never been called upon to respond to the Petition nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons

2

stated above, this case should be and is hereby dismissed without prejudice for failure to obey the Court's Orders.

A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

So ORDERED AND ADJUDED, this the 23rd day of April, 2026.

/s/ David C. Bramlette
UNITED STATES DISTRICT JUDGE